# MacMillen, Appellant, *v.* Reading Printing Company.

*Libel—Publications—Abuse of privilege—Case for jury.*

Where in an action against a newspaper for a publication criticising the work of a professional violinist at a concert, it appeared that the publication complained of was libelous, but where under the evidence submitted by plaintiff the inference could be drawn that the publication was fairly and honestly made and with proper motives, although the inference might also have been warranted that it was made for the purpose of serving a malicious or unfair object to the injury of plaintiff, the case was for the jury, and a verdict and judgment for defendant were sustained, it was not material that defendant offered no evidence.

Argued Feb. 28, 1916. Appeals, Nos. 40 and 41, Jan. T., 1916, by plaintiff, from judgment of C. P. Berks Co., Jan. T., 1915, Nos. 30 and 31, on verdicts for defendants, in cases of Francis MacMillen v. Reading Printing Company and Walter F. Dumser. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Trespass for libel. Before ENDLICH, P. J.

From the record it appeared that the alleged libelous publication which appeared in defendants' newspaper was as follows:

"CONCERT AT ACADEMY.

"ONE FRANCIS MACMILLEN PLAYS IN AMBITIOUS
PROGRAM. (DISAPPOINTING CONCERT.)

"Francis MacMillen, a violinist; and Marie Hertenstein, pianiste, were heard in an ambitious program at the Academy of Music Thursday evening. An audience of musicians and devotees of music were somewhat disappointed in the work of MacMillen, whose chief art, it

appears, is his attempt to mimic the mannerisms of a certain famous violinist.

"The cultured audience was very patient, and, under the circumstances, liberal with its applause. The concert could hardly be called epoch-making in Reading."

Other facts appear in the following opinion of END-LICH, P. J., sur plaintiff's motion for a new trial and for judgment n. o. v. :

These actions of libel were tried together and resulted in verdicts for the defendants. They are based upon the publication in defendants' newspapers of a certain criticism of a public performance given by plaintiff, a professional musician, which criticism, it is contended, was not what it purported to be, but a veiled attack upon another person who is alleged to have incurred the defendants' animosity, and under whose management the plaintiff appeared on that occasion. At the argument counsel for plaintiff distinctly disclaimed the existence of any cause of complaint with respect to the rulings or charge of the court, except the refusal of the point that "under all the evidence in the case the verdict should be for the plaintiff." The reasons assigned in support of these rules are that the verdicts are against the evidence, the weight of the evidence, the law and the charge of the court.

The jury was instructed that on their face the publications were libelous; that, however, if fairly and honestly made, they were privileged; but that, if made for the purpose of serving a malicious or unfair object to the injury of plaintiff or some third party, that privilege would not protect the defendants, and plaintiff would be entitled to recover. The question was thus one of an alleged abuse of privilege, to be inferred or not inferred by the jury from the circumstances developed by the evidence. It is true that all the evidence there was was that adduced by the plaintiff, the defendants offering no testimony. Yet the interpretation of the evidence, the determination of what was proved by it as bearing upon

the motives and purposes of the defendants,—all this must, upon very familiar principles, be conceded to have been matter peculiarly within the province of the jury. Nor is there an exception to be made in this particular of the letter of the defendant Dumser to plaintiff's counsel, of Dec. 4, 1914, referred to in the argument. As throwing light upon the motives involved, its effect, together with the rest of the evidence, was undoubtedly for the jury: see Reynolds v. Richards, 14 Pa. 205; Miller v. Fichthorn, 31 Pa. 252; McKean v. Wagenblast, 2 Grant (Pa.) 462. And so was the testimony that no representative of the defendants was observed to be present at the performance criticized. It does not, of course, conclusively prove the absence of any such representative; and if it did, it can hardly be laid down as a rule of law that a newspaper may not in good faith get its information in some other fair way or from some other reputable source, nor be assumed by the court that defendants did not do so. The question of the abuse of privilege, as presented in these cases, is essentially one of actual intent, which, whenever it arises, is one of fact: Mateer v. Hissim, 3 P. & W. 160, 166; and as pointed out in Philadelphia Trust Co., Ex'r of Cummings, v. Philadelphia & Erie R. R., 160 Pa. 590, '600, such questions, under our law, depending as they do upon presumptions of fact and the probable and reasonable inferences to be drawn from the evidence, are to be solved by the jury, the correctness of whose conclusion upon them there is no rule of law to test. It may very well be that a different result might legitimately have been reached in these cases. But the court has no power to say that it ought to have been, and therefore no power to disturb the verdicts, which were not contrary to the evidence or the charge submitting it to the jury, nor to any legal instruction binding upon them or any principle of the law applicable to the cases.

Verdict for defendants and judgment thereon. Plaintiff appealed.

136 MacMILLEN, Appellant, v. READING PRINTING CO.

*Error assigned,* among others, was in refusing to direct a verdict for plaintiff.

*Isaac Hiester,* with him *George J. Gross,* for appellant.

*Yeager Snyder,* of *Snyder & Zieber,* for appellees.

PER CURIAM, March 20, 1916:
Each of these judgments is affirmed on the opinion of the learned president judge of the court below overruling the motion for a new trial.